-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT GARNETT, 386-96-766,

    Petitioner,

-v-

DEPARTMENT OF HOMELAND SECURITY,

    Respondent.

DECISION AND ORDER
05-CV-0239E(Sc)
04-CV-0448E(Sc)

---

## INTRODUCTION

On April 6, 2005, Petitioner, Robert Garnett, filed a "new" or "second" Petition for habeas corpus relief, pursuant to 28 U.S.C. § 2254, seeking to challenge a March 9, 2005 determination of the Board of Immigration Appeals ("BIA") denying his motion to reopen his removal proceedings. (Docket No. 1). (Docket No. 1). Petitioner also filed a request to proceed *in forma pauperis* (Docket No. 2). Previously, on June 15, 2004, Petitioner filed a Petition for habeas corpus relief, pursuant to 28 U.S.C. § 2241 ("First Petition"), seeking to challenge a final order of removal, which had denied his application for a waiver of removal (*Garnett v. Department of Homeland Security*, 04-CV-0448E(Sc)). For the reasons set forth below, Petitioner's request to proceed *in forma pauperis* is denied as moot, the instant (Second) Petition should be treated as a Motion to Amend the First Petition (04-CV-0448E(Sc)), which is still pending in this Court,[1] and the instant action should be closed.

---

[1] Respondent's counsel has filed a Motion to Lift the Stay of Removal, which was entered on June 24, 2004, and an Answer and Memorandum of Law in response to the First Petition requesting that the First Petition be denied on the grounds that Petitioner has failed to exhaust his administrative remedies and that Petition is asking the Court to review a discretionary determination of the Immigration Judge and Board of Immigration Appeals, which the Court does not have jurisdiction to do. (Docket Nos. 5-7).

## **DISCUSSION**

As noted, Petitioner filed the First Petition on June 19, 2004 (04-CV-0448E(Sc)) and has now filed the instant (Second) Petition challenging the Board of Immigration Appeal's recent determination denying his Motion to Reopen his Removal Proceedings as arbitrary and capricious. The initial question is how to treat the Second Petition, which, in effect, challenges the same order of removal being challenged in the First Petition and raises as a "new" ground for relief the arbitrariness of the BIA's recent determination denying Petitioner's motion to reopen the removal proceedings. This question was recently answered by the Second Circuit Court of Appeals in *Grullon v. Ashcroft*, 374 F.3d 137 (2d Cir. 2004). In *Grullon*, the petitioner had filed a third petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, while two earlier filed § 2241 petitions were pending in the federal courts. The Court of Appeals, after finding that the District Court erred in both treating the third § 2241 petition as a motion to vacate pursuant to § 2255 and transferring the petition to the Court of Appeals as a successive § 2255 petition, held that the third or subsequently filed § 2241 petition should have been construed as a motion to amend one of the pending § 2241 petitions. *Id.* at 138,140 (citing *Ching v. United States*, 298 F.3d 174, 177-78 (2d Cir. 2002).

In *Grullon*, the Court of Appeals summarized the holding in *Ching* as follows: "when a second § 2255 petition is filed before the adjudication of the initial § 2255 petition, which includes an appeal from the decision on the petition, the second petition is not characterized as a successive § 2255 petition, but rather should be construed as a motion to amend the pending § 2255 petition." *Grullon*, 374 F.3d at 140 (citing *Ching*, 298 F.3d at 177-78). The Court of Appeals also noted in *Grullon* that it had applied "similar principles" in the context of a § 2254 petition. *Id.* at 140 (citing *Littlejohn v. Artuz*, 271 F.3d at 360, 363 (2d Cir. 2001).

Accordingly, based on the holding in *Grullon*, this Court finds that the instant (Second) Petition should be construed and docketed as a Motion to Amend, pursuant to Fed.R.Civ.P. 15(a), the pending

2

(First) Petition in 04-CV-0448E(Sc), and that Respondent in 04-CV-0448E(Sc) should be provided the opportunity to respond to the now converted or recharacterized Motion to Amend the First Petition. Following Respondent's Response to the Motion to Amend the First Petition, Petitioner will have the opportunity to file and serve a reply in accordance with the schedule set forth below.

## ORDER

IT IS HEREBY ORDERED that the Petition filed in the instant matter (05-CV-0239E(Sc)) shall be construed as a Motion to Amend the Petition filed in the First Petition (04-CV-0448E(Sc)) and shall be docketed in the First Petition (04-CV-0448E(Sc)) as a Motion to Amend the Petition pursuant to Fed.R.Civ.P. 15(a);

FURTHER, that Petitioner's request to proceed *in forma pauperis* (Docket No. 2) is denied as moot;

FURTHER, that the Clerk of the Court is directed to close the instant matter, retain a copy of the instant Petition in the instant matter (05-CV-0239E(Sc)), and docket this Order in both the instant matter (05-CV-0239E(Sc)) and the First Petition (04-CV-0448E(Sc));

FURTHER, that Respondent shall have **30 days from entry of this Order** to file and serve a Response to Petitioner's Motion to Amend the Petition in 04-CV-0448E(Sc), and Petitioner shall have **15 days from receipt** of Respondent's Response to his Motion to Amend the Petition to file and serve a Reply to Respondent's Response.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: April 20, 2005
Rochester, New York

ATTEST: A TRUE COPY
U.S. DISTRICT COURT, WDNY
RODNEY C. EARLY, CLERK
By: _____ Clerk
Original Filed 4-21-05

3